IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-334-FL

KIMBERLY A. SIMMONS,                )
                                    )
                Plaintiff,          )
                                    )
        v.                          )               **ORDER**
                                    )
ANDREW SAUL, Commissioner of Social )
Security,                           )
                                    )
                Defendant.          )


     This matter comes before the court on the parties' cross-motions for judgment on the pleadings.  (DE 16, 18).  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 20), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant.  Plaintiff timely objected to the M&R.  In this posture, the issues raised are ripe for ruling.  For the reasons that follow, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

     On October 26, 2015, plaintiff filed an application for supplemental security income, alleging disability beginning August 17, 2005.  The application was denied initially and upon reconsideration.  A hearing was held on September 18, 2018, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated October 1, 2018.  On

June 10, 2019, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff commenced the instant action on August 5, 2019, seeking judicial review of defendant's decision.

## DISCUSSION

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th

Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

<u>Johnson v. Barnhart,</u> 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. <u>Pass v. Chater,</u> 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. At step two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disk disease; left knee osteoarthritis; obesity; hypertension; migraine headaches; an anxiety disorder; and post-traumatic stress disorder. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, subject to the following limitations:

> [T]he claimant can only lift and/or carry 30 pounds occasionally and 15 pounds frequently. The claimant can sit for a total of four to six hours in an eight-hour workday. The claimant can stand for a total of four hours in an eight-hour workday and walk for a total of two hours in an eight-hour workday. The claimant requires the option to alternate between sitting and standing at one-hour intervals. The claimant can frequently operate foot controls bilaterally. The claimant can frequently operate hand controls bilaterally. The claimant can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, and crouch; and never crawl. The claimant can have no exposure to unprotected heights. The claimant can have occasional exposure to moving mechanical parts. The claimant can never operate a motor vehicle in the scope of employment. The claimant can have occasional exposure to extreme cold. The claimant is limited to performing simple, routine, repetitive tasks. The claimant is limited to simple work-related decisions. The claimant can have occasional interaction with supervisors and the public. The claimant can have frequent interaction with coworkers.

(Tr. 18). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national

4

economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.    Analysis

Plaintiff argues that remand is required because the ALJ did not provide an explanation for and resolve an allegedly apparent conflict between the vocational expert's (VE) testimony at hearing and the Dictionary of Occupational Titles (DOT). In particular, plaintiff claims there is an apparent conflict between plaintiff's RFC limitations to "simple, routine, repetitive tasks" or "simple work-related decisions," and the DOT's definition of Level 2 reasoning required for jobs cited by the VE, of x-ray inspector, garment sorter, and folder. (Tr. 18, 24, 52).

The magistrate judge thoroughly and cogently addressed this argument in the M&R, determining that no explanation and resolution was required because there was no conflict between the VE testimony and DOT in accordance with authority in this circuit. (M&R (DE 20) at 5-8). Upon de novo review, the court adopts the analysis of the M&R. The court writes separately to address arguments raised in plaintiff's objections.

To assess whether an apparent conflict exists, the court looks to whether "there is inconsistency between [plaintiff's] residual functional capacity (as determined by the administrative law judge) and Level 2's notions of 'detailed but uninvolved instructions' and tasks with 'a few variables.'" Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019) (quoting DOT, App. C, 1991 WL 688702). In Lawrence, undertaking this assessment, the United States Court of Appeals for the Fourth Circuit determined that there was no inconsistency between an RFC limitation of "simple, routine repetitive tasks of unskilled work" and DOT Level 2's requirements of "'detailed but uninvolved instructions' and tasks with 'a few variables.'" Id.

Lawrence is controlling here, because plaintiff also had an RFC limitation to simple, routine, and repetitive tasks. (See Tr. 18). Based on Lawrence, this limitation does not conflict with DOT Level 2. See 941 F.3d at 143. The only question remains is whether the additional RFC limitation to "simple work-related decisions" is inconsistent with DOT Level 2. (Tr. 18). While Lawrence does not address this exact RFC limitation, its reasoning applies equally to both "simple, routine, and repetitive tasks" and "simple work-related decisions." (Tr. 18). As an initial matter, Lawrence makes clear that the adjective "simple" is consistent with "detailed but uninvolved," because detail is "less correlated with complexity than with length." 941 F.3d at 143. In the same manner that both "'simple' and 'uninvolved' instructions . . . both connote instructions that 'are not complicated or intricate,'" id. it also follows that a "simple . . . decision[]" used in the RFC here, (Tr. 18), is a decision that is "not complicated or intricate." 941 F.3d at 143.

Plaintiff argues that the court should remand on the basis of two district court cases from another circuit finding an apparent conflict. These cases, however, are contrary to the holding in Lawrence, and they are not binding authority in any event. For example, in Alvarado v. Colvin, 147 F. Supp. 3d 297, 307 (E.D. Pa. 2015), the court held: "There is a conflict between the vocational expert's testimony that a restriction to routine, repetitive tasks, would preclude plaintiff from being able to carry out detailed instructions, and the vocational expert's testimony that plaintiff could perform reasoning level 2 jobs, that require the ability to carry out detailed instructions." Id. (emphasis added). Likewise, in Upshur v. Colvin, 200 F. Supp. 3d 503, 511 (E.D. Pa. 2016), the court remanded on the basis of the claimant's argument "that according to the DOT the positions [relied upon by the ALJ] require greater reasoning skills than those imposed by the ALJ's limitation of jobs with simple, routine, repetitive tasks." Id. (emphasis added). In Lawrence, by contrast, the court determined that there was no inconsistency between an RFC

limitation of "simple, routine repetitive tasks" and DOT Level 2's requirements of "detailed but uninvolved instructions" 941 F.3d at 143. Accordingly, <u>Alvaredo</u> and <u>Upshur</u> are inapposite.

In sum, there is no apparent conflict, under the law of this circuit, between plaintiff's RFC limitations to "simple, routine, repetitive tasks" or "simple work-related decisions," and the DOT's definition of Level 2 reasoning required for jobs cited by the VE, of x-ray inspector, garment sorter, and folder. (Tr. 18, 24, 52). Therefore, plaintiff fails to demonstrate a basis for remand.

## CONCLUSION

Based on the foregoing, and upon de novo review of the record, the court adopts the M&R. Plaintiff's motion for judgment on the pleadings (DE 16) is DENIED, and defendant's motion for judgment on the pleadings (DE 18) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of May, 2020.


LOUISE W. FLANAGAN
United States District Judge